UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MYAVA R. ESCAMILLA,

      Plaintiff,

v.                                                                                                Case No. 6:17-cv-678-Orl-37TBS

RICHARD NICHOLAS BLACKWOOD;
and DOES 1–100,

      Defendants.

_____

## ORDER

In the instant action, Plaintiff asserts claims against Defendants for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and unfair trade practices. (Doc. 1 ("**Complaint**").) For the reasons set forth below, the Complaint is due to be dismissed without prejudice as an impermissible shotgun pleading.

Shotgun pleadings come in a variety of forms. *See, e.g., Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four categories of shotgun pleadings). The most common type "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the

Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

Here, the Complaint evidences the most common form of shotgun pleading, as Counts II, III, and IV incorporate each of the preceding allegations. (*See* Doc. 1, ¶¶ 34, 39, 43.) This is impermissible, hence the Complaint must be dismissed. If Plaintiff chooses to replead, the amended complaint must clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Friday, **May 5, 2017**, Plaintiff may file an amended complaint that remedies the deficiencies identified in this Order. Failure to timely file may result in this action being closed without further notice.

3. Plaintiff is also encouraged to access the resources available to *pro se* litigants on the Court's website.[1]

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 17, 2017.

---

[1] https://www.flmd.uscourts.gov/pro_se/default.htm



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record